IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| MICHELLE AGEE, et al., | CASE NO. 1:16CV00375 |
| Plaintiffs, | JUDGE SUSAN J. DLOTT |
| vs. | **MOTION TO DISMISS ON BEHALF OF DEFENDANT HOMELAND INSURANCE COMPANY OF NEW YORK** |
| JOURNEY LITE OF CINCINNATI, et al., | |
| Defendants. | |

NOW COMES Defendant Homeland Insurance Company of New York ("Homeland"), by and through the undersigned counsel, and respectfully moves the Court to dismiss all claims asserted by Plaintiffs Listed in Exhibit A of the Complaint (collectively, "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For cause, Plaintiffs' Complaint articulates no viable claim under any relevant Ohio law. The grounds for this Motion are set forth in the accompanying Memorandum in Support, which is incorporated herein by reference.

Respectfully submitted,

*/s/ Laura M. Faust*
Laura M. Faust (0059494)
lfaust@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEY FOR DEFENDANT
HOMELAND INSURANCE COMPANY OF NEW YORK

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

In this action, Plaintiffs seek a declaration regarding the extent of insurance coverage available to Defendant Journey Lite of Cincinnati, LLC from various insurance carriers, including Defendant Homeland, as it pertains to other suits filed by Plaintiffs against Defendant Journey Lite. In those underlying lawsuits, Plaintiffs assert a myriad of claims allegedly arising from surgeries allegedly performed upon Plaintiffs by Dr. Abubakar Atiq Durrani ("Dr. Durrani") at Journey Lite of Cincinnati, LLC. In addition to suing Journey Lite, Plaintiffs have named two of Journey Lite's insurers as Defendants. The moving Defendant, Homeland, issued a policy of insurance to Defendant Journey Lite ("the Policy"). (Complaint at ¶ 5). Plaintiffs do not allege that they are named Insureds under the Policy or otherwise meet the Policy's definition of Insureds. (*Id.*, *passim*). The insurance Policy at issue here is solely between the Defendant Journey Lite and its insurer, Homeland. Further, Plaintiffs have not recovered a judgment against the Defendant Journey Lite in any of the underlying suits.

Under the applicable Ohio law, only an "interested" party may seek a declaratory judgment as to a written insurance contract. To qualify as an "interested" party entitled to commence a declaratory judgment action regarding an insurance contract, a person who is not a party to that contract (like all of the Plaintiffs here) must have already obtained a judgment against the party insured thereunder. The Plaintiffs' Complaint does not allege that any of the Plaintiffs have obtained a judgment against Journey Lite (Complaint, *passim*.) Because Plaintiffs have not obtained a single judgment in their underlying suits against Defendant Journey Lite, they are not "interested" in the Defendant's insurance contracts. Thus, regardless of the merits of Plaintiffs' contentions in this case or in the underlying actions, their request for a declaratory judgment is expressly forbidden by longstanding Ohio law. Similarly, without a final judgment in any of the underlying suits, Plaintiffs are barred from bringing an action under R.C. § 3929.06, which permits a plaintiff to seek satisfaction against a tortfeasor in a supplemental action against the tortfeasor's

2

insurer. For these reasons, Plaintiffs fail to state a claim under any relevant Ohio statute or law upon which relief can be granted. As a result, this Court lacks subject matter jurisdiction to consider Plaintiffs' Complaint. Thus, the Complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the plausibility requirement, the factual allegations must "permit the court to infer more than the mere possibility of misconduct" and instead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678-79. To survive a motion to dismiss, a complaint must complaint "all of the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). Because Ohio law prohibits Plaintiffs' action and Plaintiffs do not plead that they have obtained a judgment in any of their underlying suits against Defendant Journey Lite, they fail to plead a material element of any relevant legal theory under Ohio law and their Complaint should be dismissed.

## III. LAW AND ANALYSIS

### A. Plaintiffs Cannot Bring a Direct Declaratory Judgment Action Against Defendant Homeland.

Under Ohio law, three statutes govern the rules for insurance-coverage declaratory judgment actions involving injured parties, tortfeasors, and tortfeasors' insurers: R.C. §§ 2721.12, 2721.02 and 3929.06.[1] *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 138, 2010-Ohio-3264, 931 N.E.2d

---

[1] It is axiomatic that a federal court exercising diversity jurisdiction over state law claims "must apply the state substantive law to those claims." *Aarti Hosp., LLC v. City of Grove City, Ohio*, 350 Fed.Appx 1, 6 (6th Cir. 2009). "Whether plaintiffs have [state law] standing to seek a declaratory judgment under Ohio Revised Code § 2721.03 is a question of Ohio substantive, not federal procedural, law." *Id.*

3

548, ¶ 10.  Pursuant to R.C. § 2721.03, only an "interested" party may bring a declaratory judgment action. However, before an allegedly injured plaintiff can qualify as a party "interested" in an alleged tortfeasor's insurance contract, that plaintiff must first obtain a final judgment in a separate suit against the tortfeasor:

> A plaintiff who is not an insured under a particular policy of liability insurance **may not commence against the insurer** that issued the policy an action or proceeding under this chapter that seeks a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, **until a court of record enters in a distinct civil action for damages between the plaintiff and that insured as a tortfeasor a final judgment awarding the plaintiff damages for the injury, death, or loss to person or property involved.**

R.C. § 2721.02(B) (emphasis added).  In other words, an injured party may not present a declaratory judgment action against a tortfeasors' insurer "until there is a final judgment in the separate action establishing the tortfeasor's liability."  *Estate of Heintzelman*, 126 Ohio St.3d at ¶ 18.  R.C. § 2721.02(B) was specifically crafted by the Ohio legislature to combat courts from allowing so-called "third-party declaratory judgment actions." *Cincinnati Ins. Co. v. Consolidated Equipment Co.*, 2nd Dist. Montgomery No. 19390, 2003-Ohio-47, 2003 WL 77122, ¶¶ 12-17 (Jan. 10, 2003).

Despite this rule and in direct contravention of Ohio law, Plaintiffs elected to bring a direct action against the alleged tortfeasor, Journey Lite, and the tortfeasors' insurers in this action, without even contending that judgment has been rendered against Defendants or that the insurers failed to pay a judgment within thirty days. In Plaintiffs' Complaint, Plaintiffs contend only "[c]ivil lawsuits **have been filed** and **will be filed** in various courts" without a single allegation as to whether Plaintiffs have received a judgment against Defendants or that Defendants have failed to pay a judgment.  (*See* Complaint at ¶ 10) (emphasis added).  It is indisputable that Plaintiffs are not an "interested" party under R.C. § 2721.03 and their action is explicitly barred by R.C. § 2721.02(B).  As such, Plaintiffs have failed to state a claim upon

4

which relief may be granted and their claims should be dismissed.[2]  *See Owen v. United Ohio Ins.*, 11th Dist. Lake No. 2005-L-194, 2006-Ohio-5170, 2006 WL 2796281, ¶¶ 30-36 (Sept. 29, 2006) (upholding dismissal of injured party's declaratory judgment action against alleged tortfeasor's insurer because plaintiff lacked final judgment in underlying suit).

### B. Plaintiffs Fail to State a Viable Claim Under R.C. § 3929.06.

Plaintiffs' claim is also barred by R.C. § 3929.06, which only permits an injured party who has a final judgment to satisfy that judgment through a supplemental action against the judgment debtor's insurer. That statute reads, in relevant part:

> [Section 3929.06] does not authorize the commencement of a civil action against an insurer until a court enters the final judgment [against the insured party] in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period [after entry of the final judgment].

In other words, a plaintiff may only file a declaratory judgment action against a tortfeasor's insurer if they have a final judgment in a separate action establishing the tortfeasor's liability *and* the tortfeasor's insurer has not paid either its remaining limits or the amount of the judgment, whichever is lower, within thirty days after the entry of the final judgment.  *See* R.C. § 3929.06(A).

Here, Plaintiffs have failed to allege facts which would meet either standard.  Plaintiffs' Complaint does not contain a single reference to any final judgment in separate actions establishing Journey Lite's liability.  (*See*, Complaint).  Additionally, Plaintiffs' Complaint does not allege that Defendants have failed to pay on a judgment within thirty days after the judgment.  (*See*, Complaint).  As such, Plaintiffs have failed to state a claim upon which relief may be granted under R.C. § 3929.06 and dismissal of their Complaint is appropriate.

---

[2] Although R.C. § 2721.02(B) explicitly bars only actions "against [an] insurer," this suit should be dismissed in its entirety against the Defendants.  *See, e.g., Motorists Mut. Ins. Co. v. Cincinnati Ins. Co.*, 6th Dist. Wood No. 92WD087, 1993 WL 342587 (Sept. 10, 1993) (dismissing, under prior version of declaratory judgment statute, claims by injured party's insurer against both tortfeasor and tortfeasor's insurer, because injured party had not yet obtained a final judgment against tortfeasor).

5

**IV. CONCLUSION**

For the foregoing reasons, Defendant Homeland Insurance Company of New York respectfully requests that the Court grant its Motion to Dismiss with prejudice based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Laura M. Faust
Laura M. Faust (0059494)
lfaust@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEY FOR DEFENDANT
HOMELAND INSURANCE COMPANY OF NEW YORK

## PROOF OF SERVICE

The undersigned hereby certifies that the foregoing has been filed Electronically.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's system.  In addition, a true and correct copy was served on this 16th day of March, 2016 pursuant to Civ.R. 5(B)(2)(c) by mailing it by United States mail to:

Matthew Hammer, Esq.
DETERS LAW OFFICE
5247 Madison Pike
Independence, KY  41501
ATTORNEY FOR PLAINTIFFS

John C. Scott, Esq.
Tracy E. Schwetschenau, Esq.
FAULKNER & TEPE, LLP
1 West Fourth Street
Suite 2050
Cincinnati, OH  45202
ATTORNEYS FOR DEFENDANTS ALLIED
WORLD SURPLUS LINES INSURANCE
COMPANY fka DARWIN SELECT INSURANCE
COMPANY

Carolyn A. Taggert, Esq.
Ana P. Crawford, Esq.
PORTER, WRIGHT, MORRIS & ARTHUR, LLP
250 East Fifth Street
Suite 2200
Cincinnati, OH  45202
ATTORNEYS FOR DEFENDANT
JOURNEY LITE OF CINCINNATI, LLC

ASCIRA Partners, LLC
4009 Hillsboro Pike, #209
Nashville, TN  37215
DEFENDANT

                                                                               /s/ Laura M. Faust
                                                                               Laura M. Faust

10318895 _1 108817.0111